

**ORDERED in the Southern District of Florida on June 4, 2018.**

_____
**Mindy A. Mora, Judge**
**United States Bankruptcy Court**

_____

### UNITED STATES BANKRUPTCY COURT
### SOUTHERN DISTRICT OF FLORIDA
### WEST PALM BEACH DIVISION

IN RE:                                              Case No.: 18-13277-MAM

BARBARA DEL CASTILLO,                                Chapter 13

           Debtor.           /

### ORDER GRANTING MOTION FOR
### PROSPECTIVE RELIEF FROM THE AUTOMATIC STAY

This case came before the Court, on May 31, 2018, upon the Motion for Prospective Relief from the Automatic Stay [D.E. 20], filed by creditor U.S. ROF III Legal Title Trust 2015-1, by U.S. Bank National Association, as Legal Title, and hereinafter referred to as "Movant". For the reasons stated orally on the record in open court, it is:

ORDERED:

1.    The Motion is GRANTED.

2.    The automatic stay imposed by 11 U.S.C. §362 is not in effect as to Movant, and it may proceed with the enforcement of its security interest upon the following property ("Subject Property"):

**REAL PROPERTY AT 1121 PEARL TERR., SEBRING, FL 33875, AND MORE ACCURATELY DESCRIBED BY ITS LEGAL DESCRIPTION WHICH IS:**

Lots 3,4,5, 30 and 31, Block 3, ORANGE BLOSSOM ESTATES UNIT NO. 3, according to the Plat thereof, as recorded in Plat Book 6, Page 43, of the Public Records of Highlands County, Florida.

    3.    The order granting relief from stay is entered for the sole purpose of allowing Movant complete *in rem* relief to take any and all steps necessary to exercise any and all rights it may have in the collateral, to gain possession of said collateral, to have such other and further *in rem* relief as is just, and that Movant shall not obtain *in personam* relief against the debtor.

    5.    That Movant may send communication to the Debtor in connection with proceeding against the property including, but not limited to, notices required by state law and communications to offer and provide information with regard to potential Forbearance Agreement, Loan Modification, Refinance Agreement, Loss Mitigation Agreement or other Loan Workout and may enter into such agreement with Debtor without violating any Discharge Order.

    7.    Debtor and anyone claiming interest in the Subject Property are barred from filing bankruptcy in any jurisdiction until May 31, 2020 if the bankruptcy involves the Subject Property.

    8.    A foreclosure sale shall not be held before July 12, 2018.  In the event that the plan is confirmed at the confirmation hearing, the confirmation order bars the foreclosure sale.

    8.    The State Court Judge or Clerk shall not cancel a foreclosure sale as a result of a bankruptcy filed by the Debtor or anyone claiming interest in the subject property until May 31, 2020.

    9.    This Order will survive any conversion in the instant case.

**Attorney Seth J. Greenhill is directed to serve a copy of this order on interested parties and file a proof of service within 3 days of entry of the order.**

Order prepared by:
Seth J. Greenhill, Esq.

Padgett Law Group
SGreenhill@padgettlaw.net

3